IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                  PLAINTIFF/RESPONDENT

v.                    Criminal No. 5:15-cr-50078-001
                                 5:16-cr-50019-001

HENRY DARYL SMITH                                                DEFENDANT/MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Currently before the Court is a Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 43) filed by Movant Henry D. Smith ("Smith") pursuant to 28 U.S.C. § 2255. Alternatively, Smith moves for relief from judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure. The United States ("Government") filed a Response (ECF No. 46). An evidentiary hearing is not warranted in this matter, as the § 2255 motion, the files, and the records in this case conclusively show that Smith is not entitled to relief. *See* 28 U.S.C. § 2255(b); *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)("No hearing is required when the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which they are based").

## I. BACKGROUND

On October 28, 2015, a twelve-count indictment was filed against Smith, *United States v. Smith*, 5:15-cr-50078-001. (ECF No. 1).[1] Counts 1-10 charged Smith with causing to be filed false claims for tax refunds, in violation of 18 U.S.C. § 827, on behalf of himself and nine other individuals. *Id.* at 1-2. In Count 11 Smith was charged with access device fraud by means of using a prepaid debit card issued to another, in violation of 18 U.S.C. § 1029(a)(5). *Id.* at 2. In Count 12 Smith was charged with theft of government benefits by means of converting to his own use the income tax refund

---

[1] Unless otherwise noted, all references to CM/ECF document numbers refer to Case No. 5:15-cr-50078-001.

of another, in violation of 18 U.S.C. § 641. *Id.* The indictment also contained a forfeiture allegation. *Id.* at 3-5. Smith was appointed Assistant Federal Public Defender Jack Schisler.

On December 10, 2015, Smith, pursuant to a written plea agreement, pled guilty to Count 1 of the indictment. (ECF No. 18). The plea agreement provided that if the Court accepted the plea, and once sentence was pronounced, the Government would move to dismiss Counts 2-12 and the forfeiture allegation. (ECF No. 19).

An Initial Presentence Investigation Report (PSR) was filed on February 1, 2016. (ECF No. 23). The total monetary loss to the Internal Revenue Service was found to be $119,272. *Id.* at 12. Smith was assessed a two-level enhancement for obstruction of justice under United States Sentencing Guidelines ("USSG") § 3C1.1 due to his act of attempting to disconnect the electricity to his house while it and his computer were being searched. *Id.* at 12-13. In view of the enhancement, he was given no reduction for acceptance of responsibility. *Id.* at 13.

Smith's offense level was determined to be 16. (ECF No. 23 at 14). Smith's extensive criminal history resulted in a criminal history category of VI. *Id.* at 20. This yielded a guideline imprisonment range of 46 to 57 months. *Id.* at 28. Smith made three objections: One, Smith objected to the imposition of the obstruction enhancement and the failure to provide any credit for acceptance of responsibility; Two, Smith objected to the use of the word "filed" in connection with the tax returns, as they were actually filed by an employee of Jackson Hewitt after Smith provided the necessary information and Smith asked that the wording be changed to "caused to be filed;" and Three, Smith requested that the obligation to pay restitution be made joint and several as the majority of the returns portions of the income tax refunds were paid to the people whose returns Smith caused to be filed. (ECF No. 24). The Government made no objections. (ECF No. 25). A Final PSR was filed on February 29, 2016. (ECF No. 26). The PSR granted two of Smith's objections, leaving the objection to the obstruction enhancement and lack of credit for acceptance of responsibility

outstanding.  *Id.*

Prior to sentencing, Smith waived indictment and was charged on March 30, 2016, in a single-count information with aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) used during and in relation to bank fraud under 18 U.S.C. § 1344, *United States v. Smith*, 5:16-cr-50019-001. (ECF No. 1; 5:16-cr-50019).  Specifically, Smith used the identity and social security number of his minor son along with fictitious paperwork to obtain a $20,000 loan from One Bank & Trust.  (ECF No. 32).  Pursuant to a written plea agreement, Smith agreed to plead guilty to the information.  (ECF No. 5; 5:16-cr-50019).  The change of plea was entered on March 30, 2016.  (ECF No. 4; 5:16-cr-50019).

On May 25, 2016, a new combined PSR was filed to reflect the charges in both cases.  (ECF No. 32).  Pursuant to USSG § 2B1.6, the guideline sentence for the aggravated identity fraud was the term of imprisonment required by statute, 2 years which was required to be imposed consecutively to any other counts.  *Id.* at 14, ¶ 61 & 29, ¶ 135.  The guideline calculations of the offense level and criminal history category for the false filing of an income tax return remained the same with a guideline range of 46 to 57 months.  *Id.* at 16, ¶¶ 71-80; 23, ¶ 103 & 29, ¶136.  Smith filed a single objection to the obstruction enhancement and the denial of a reduction for acceptance of responsibility.  (ECF No. 33).

The Final PSR was filed on June 27, 2016.  (ECF No. 34).  No change was made in light of Smith's objection.  *Id.* at 15.  Smith appeared before United State District Judge Timothy L. Brooks for sentencing on July 14, 2016.  (ECF No. 36).  The Court found merit in Smith's objections regarding the obstruction enhancement and acceptance of responsibility which resulted in a guideline range of 30 to 37 months on the false claim for a tax refund, 5:15-cr-50078-001.  (ECF No. 38).  On this charge, Smith was sentenced to 37 months, 3 years supervised release, $119,272 restitution, and a $100 special assessment.  (ECF No. 37).  On the aggravated identity theft charge, 5:16:50019-01,

Smith was sentenced to 24 months to run consecutively to the first sentence, 1 year supervised release to run concurrently with the first sentence, $ 20,000 restitution, and a $100 special assessment. *Id.* The judgment of conviction was entered on July 15, 2016. (ECF No. 37). No appeal was filed.

The next activity on the docket sheet is a Motion to Amend the PSR filed by Smith on December 17, 2019, 3 years, 5 months, and 3 days after the judgment was entered. (ECF No. 39). Smith asked the Court to recalculate his offense level and criminal history category and resentence him to a lesser term of imprisonment. *Id.* The Motion was denied by Order (ECF No. 40) entered on December 19, 2019. Note was made that Smith did not mention his attorney and blamed the probation office for failing to appropriately calculate the guideline range. *Id.* The Court found that the judgment became final when Smith did not appeal. *Id.* Further, to the extent the Motion requested relief under 28 U.S.C. § 2255, the Court stated the one-year statute of limitations had run. *Id.*

On January 2, 2020, Smith filed a Motion raising an ineffective assistance of counsel claim and asking that the PSR be amended. (ECF No. 41). The Motion was denied on January 3, 2020, by a text only Order (ECF No. 42) on the grounds it raised the same arguments as the previous Motion (ECF No. 39) and requested the same relief. On March 3, 2020, Smith filed the instant motion under § 2255. (ECF No. 43).

## II. DISCUSSION

### A. GROUNDS FOR RELIEF

Smith argues his sentence must be vacated and he should be immediately released. (ECF No. 43 at 1). He maintains there were four "egregious error[s]" in the Final PSR (ECF No. 34). *Id.* at 3. He asserts the errors appear in ¶¶ 87, 90, 91, 92, 96, and 99. First, in ¶ 87, Smith contends he was wrongfully assessed three criminal history points for a misdemeanor conviction for false imprisonment in a case filed in the Washington County Circuit Court, case number 2000-480. *Id.* at 3-4. He contends that an amended judgment was filed in the state court case that noted the false imprisonment

charge was a misdemeanor rather than a felony. *Id.* at 4. Second, in ¶ 90, with respect to a Kansas conviction in case number 2009-0544, Smith contends he should have only been assessed one point under USSG § 4A1.1(c). *Id.* Third, in ¶¶ 91, 92, and 96, Smith argues he received 3 points for each of three different offenses; however, he maintains the charges all arose from a single arrest and at sentencing the cases were consolidated into a single case. *Id.* at 4-5. He maintains under USSG § 4A1.2(a)(2), it should have been counted as a single offense. *Id.* Fourth, in ¶ 99, Smith states he was wrongfully assessed 1 point for the pending offenses based on his guilty plea.

### B.  SECTION 2255

Section 2255(a) allows "[a] federal prisoner in custody under sentence by a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "Relief under [§] 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

### C.  TIMELINESS OF THE MOTION

The Court must first address the Government's threshold argument that Smith's Motion was not timely filed. This issue is governed by 28 U.S.C. § 2255(f). All motions filed under § 2255 are subject to a one-year statute of limitation. *Id.* The one-year period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4).

The judgment of conviction became final on —July 28, 2016—14 days after it was entered on the docket. Fed. R. App. P 4(b)(1)(A)(defendant in a criminal case has 14 days to file an appeal); (ECF No. 49 at 3). This gave Smith until July 28, 2017, to file his petition. The instant Motion was filed on March 2, 2020, which was 2 years, 7 months, and 4 days later. Smith contends the one-year limitation period did not begin to run from the date the judgment of conviction became final but rather falls under either § 2255(f)(3) or more appropriately § 2255(f)(4). (ECF No. 43 at 2).

**(1). Section 2255(f)(3)**

Section 2255(f)(3) provides the statute of limitations begins to run from the date a right was initially recognized by the Supreme Court. Smith relies on *United States v. Olano*, 507 U.S. 725 (1993). This case was decided long before Smith was indicted or charged by information. Therefore, the limitations period set forth in § 2255(f)(3) does not by its terms apply.

**(2). Section 2255(f)(4)**

Under § 2255(f)(4) the statute of limitations begins to run on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Smith maintains he was unaware of the egregious errors made in the Final PSR until the Federal Bureau of Prisons ("FBOP") Unit Team reviewed his state court criminal convictions. Smith asserts that when the Initial and Final PSR's were filed, he did not have access to his state criminal judgments and relied on appointed counsel to determine if his prior felonies were correctly assessed criminal history points.

To be entitled to invoke the statute of limitations under § 2255(f)(4), "a petitioner must show the existence of a new fact, while also demonstrating [that he] acted with diligence to discover the new fact. The proper task in a case such as this one, therefore, is to determine when a duly diligent person in petitioner's circumstances would have discovered" the alleged errors in the Final PSR. *Anjulo-Lopez v. United States*, 541 F.3d 814, 817-818 (8th Cir. 2008)(citations and internal quotation marks omitted).

> To be sure, section 2255 does not require the maximum feasible diligence, only due, or reasonable, diligence. Due diligence therefore does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option. But, it does at least require that a prisoner make *reasonable* efforts to discover the facts supporting his claims.

*Id.* at 818 (citations and internal quotation marks omitted).

Here Smith does not present any new facts. Instead, he contests the criminal history points assigned to his prior convictions in the Final PSR (ECF No. 34). Clearly, Smith knew of these convictions and could have presented his arguments at that time. The only alleged "newly discovered fact" was his discussion of the false imprisonment conviction with a counselor on the FBOP Unit Team. (ECF No. 43 at 7). Prior to this meeting, the counselor had obtained the amended judgment from Washington County Circuit Court case number 2000-480. *Id.* at 3 & 7. Smith was charged with two counts in case number 2000-480. On the amended judgment entered on April 18, 2001, it indicated that the false imprisonment count was a misdemeanor rather than a felony. *Id.* at 24. However, the other count of conviction, criminal mischief, remained a felony. *Id.* at 25. The sentence imposed was 120 months as indicated in the Final PSR. (ECF No. 34 at 18, ¶ 87). The 2001 amended judgment does not constitute the existence of a new fact. Smith was still convicted of a felony in that case. *Cf., Johnson v. United States*, 544 U.S. 295, 307 (2005)(an order vacating a prior state-court conviction constituted a new fact).

Smith also argues that this conviction should not have counted at all because the sentence was

7

imposed more than ten years[2] prior to the commencement of this federal criminal case. USSG § 4A1.2(e). Clearly, the date of the conviction was known when the Final PSR was filed. The argument should have been raised at that time.

Similarly, Smith argues he should not have been assigned 2 criminal history points for a Kansas state conviction. (ECF No. 34 at 19, ¶ 90). Smith maintains he should have received only 1 point as he "never did a sentence of confinement of at least (60) days" nor did the "sentence of imprisonment exceed one year and one month." (ECF No. 43 at 4). The Final PSR reflects Smith was sentenced to 180 days in jail and 12 months of probation. (ECF No. 34 at 19, ¶ 90). Clearly, the facts regarding his sentence in the Kansas case were known at the time the Final PSR was entered.

Smith does not suggest he made any effort to obtain copies of his state court criminal judgments to ensure the criminal history points were accurately calculated. Assuming Smith did not have access to his state court criminal judgments at the time the Final PSR was entered, this "does not affect [Smith's] obligation to work diligently to obtain them." *Deroo v. United States*, 709 F.3d 1242, 1245 (8th Cir. 2013). With respect to this argument, Smith has neither presented new facts nor shown that he acted with due diligence to obtain the state court documents.

Smith next maintains he was wrongfully assigned 3 criminal history points for each conviction listed in ¶¶ 91, 92 and 96. (ECF No. 43 at 4). According to Smith, he "was arrested for these offenses on a single occasion and at sentencing, the offenses were consolidated into one sentence on the same day." *Id.* at 5. Smith maintains the offenses were erroneously treated as separate offenses resulting in his being assigned 9 criminal history points. *Id.* He relies on § 4A1.2(a)(2). *Id.* This argument could have clearly been raised in objections to the Final PSR. Smith failed to submit objections to the

---

[2] The 2015 United States Sentencing Guidelines Manual was used in this case. (ECF No. 34 at 16, ¶ 70). Section 4A1.2(e) provided that "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within **fifteen years** of the defendant's commencement of the instant offense is counted." (emphasis added).

way the criminal history points were assessed on the three offenses and now seeks to raise the issue more than three years after he was sentenced.   Clearly, no new facts have been presented with respect to this argument.

Finally, relying on § 4A1.2(a), Smith argues that ¶ 99 of the Final PSR erroneously charged him 1 criminal history point for the offense at issue in the underlying criminal case based on his guilty plea.  (ECF No. 43 at 5).   Smith was certainly aware of the fact that in ¶ 99 of the Final PSR he was being assigned 1 criminal history point for the pending case.   (ECF No. 34 at 23, ¶ 99).   Once again, this is an issue that could have, and should have, been raised as an objection to the Final PSR.   Smith has presented no new facts, nor did he act with due diligence.

For these reasons, the limitations period set out in § 2255(f)(4) is unavailable to Smith. *Johnson v. United States*, 544 U.S. 295, 311 (2005)("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness").

### (3).  Equitable Tolling

Smith also argues that extraordinary circumstances exist that render his Motion timely filed. "The one-year statute of limitation may be equitably tolled 'only if [the movant] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing.'"   *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013)(*quoting Holland v. Florida*, 560 U.S. 631, 648 (2010)).   "Equitable tolling is an exceedingly narrow window of relief."   *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).   Application of the doctrine "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."   *Jihad v. Hvass*, 267 F.3d 803 (8th Cir. 2001)(internal quotation marks and citation

omitted).³

      Smith cannot establish he acted with due diligence or that some extraordinary circumstances stood in his way. Smith had a year after his conviction became final to seek copies of his state court criminal judgments and to timely file a § 2255 Motion. Smith has not argued that he was unable to obtain copies of the required documents. In fact, he does not assert that he made any effort to obtain the documents. *See Anjulo-Lopez,* 541 F.3d at 818 (due diligence "does at least require that a petitioner make *reasonable* efforts to discover the facts supporting his claims"). Smith did not act with due diligence.

      Failure of Smith to review in detail the assessment of criminal history points for prior state court convictions does not constitute the type of extraordinary circumstances that would allow the application of equitable tolling. *See Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017)("An extraordinary circumstance must be beyond a prisoner's control and rise above a garden variety claim of excusable neglect")(citation and quotations omitted). Further, in *Cross-Bey v. Gammon,* 322 F.3d 1012, 1015-16 (8th Cir. 2003), the Eighth Circuit held that a lack of legal knowledge and a failure to recognize the importance of the one-year statute of limitations did not amount to extraordinary circumstances.

      Smith next maintains that his counsel failed to properly investigate the prior convictions and the application of the criminal history points caused him to be subjected to a lengthier sentence than was warranted. (ECF No. 43 at 6). It has been held that "claims concerning [a petitioner's] attorney's deficiencies do not constitute an 'extraordinary circumstance' that prevented [a petitioner] from timely filing his motion." *Henley v. United States*, Case No. 5:18-cv-05005, 2018 WL 1610694, *1 (D.S.D.

---

³ *Jihad* involved a § 2254 habeas petition. However, §§ 2254 and 2255 have been held to "mirror each other in operative effect" and cases applicable to one have been held applicable to the other. *See e.g., Reed v. Farley*, 512 U.S. 339, 353 (1994).

Apr. 3, 2018). In the *Henley* case, as in this case, the attorney's alleged deficiencies occurred prior to the judgment becoming final and "therefore before [petitioner's] 1-year statute of limitation began to run." *Id*. *See also English v. United States*, 840 F.3d 957, 959 (8th Cir. 2016)(petitioner knew that his attorney's alleged promise he would receive an 120-month sentence if he pled guilty was inaccurate when an 180-month sentence was imposed); *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002)("Ineffective assistance of counsel generally does not warrant equitable tolling"); *Cf. Muhammad v. United States*, 735 F.3d 812, 816 (8th Cir. 2013)("while an attorney's negligence or mistake is not generally an extraordinary circumstance . . . serious attorney misconduct, as opposed to mere negligence, may warrant equitable tolling")(citation and internal punctuation marks omitted).

As he cannot establish either prong of the equitable tolling inquiry, Smith's Motion is barred by the one-year statute of limitation. The merits of the § 2255 Motion therefore should not be addressed. *United States v. Craycraft*, 167 F.3d 451, 456-57 (8th Cir. 1999)(court may not consider the merits of untimely claims).

### D. RULE 60(b)(6)

Smith alternatively moves for relief from the criminal judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Rule 60(b) allows the court to relieve a party from a final judgment for specific circumstances set forth in subsections (b)(1)-(b)(5) and then contains a catchall subsection (b)(6) which allows relief for "any other reason that justifies relief." Smith relies on subsection (b)(6). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The Federal Rules of Civil Procedure apply in § 2255 cases "to the extent that they are not inconsistent with any statutory provisions, or these rules." Rule 12 of the Rules Governing Section 2255 Cases in the United States District Courts.

Smith seeks to avoid the application of § 2255's 1-year limitation period through use of Rule

60(b)(6). He points out that a Rule 60(b) motion must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1). Smith asserts the identical arguments raised above with respect to the calculation of his criminal history points and contends his guideline range should have been lower; in other words, Smith is challenging his sentence and contending he is entitled to relief from the sentence. (ECF No. 43 at 2-3). Smith's Motion, disguised as being brought under Rule 60(b)(6), is in substance merely a duplicate of his habeas petition and a direct challenge to the sentence imposed.

In *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005), the Supreme Court discussed the application of Rule 60(b) to habeas cases. It noted that using Rule 60(b) to present claims for relief from a criminal judgment, "is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute." *Id.* at 531. Relief sought from a criminal conviction falls under the habeas corpus statutes. *See United States v. McCalister*, 601 F.3d 1086, 1087 (10th Cir. 2010)( Rule 60(b) only applies in civil proceedings and "is not available to an individual challenging his sentence under [18 U.S.C.] § 3582(c)(2)"); *United States v. Salter*, Case Nos. 2:04-CR-20008; 2:02-CR-20047, 2009 WL 3850147, *1 (W.D. Ark. Oct. 20, 2009)("Rule 60 of the Federal Rules of Civil Procedure does not apply in a criminal case"); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998)(a defendant cannot challenge a criminal conviction under Rule 60(b)); *United States v. Camacho-Bordes ,* 94 F.3d 1168, 1171 n.2 (8th Cir. 1996)(same).[4]

Section 2255's one-year limitation applies, and the Motion was untimely filed.

---

[4] "Rule 60(b) has an unquestionably valid role to play in habeas cases." *Gonzalez*, 545 U.S. at 534. In the *Gonzalez* case, Rule 60(b) was used to challenge the district court's "ruling on the [Antiterrorism and Effective Death Penalty Act ("AEDPA")] statute of limitations." *Id.* at 535. Habeas corpus actions are characterized as civil in nature. *Ex Parte Tom Tong*, 108 U.S. 556, 559-560 (1883).

### III.  CONCLUSION

Based upon the foregoing, the undersigned hereby recommends that Smith's Motion to Vacate filed pursuant to 28 U.S.C. § 2255 be **DENIED** and his petition be **DISMISSED**.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §§ 2253(b) & (c)(2); *see Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000).  A "substantial showing" is a showing that "issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further."  *Randolph v. Kemna*, 276 F.3d 401, 403 n.1 (8th Cir. 2002)(quotation marks and citation omitted).  Based upon the above analysis of Smith's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of September 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE